Mr. Stephen Copley, Sponsor Give Arkansas A Raise Now Post Office Box 2441 Little Rock, AR 72203-2441
Dear Mr. Copley:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a popular name and ballot title for a similar measure, which was rejected due to ambiguities in the text of the proposed measure. See
Ark. Op. Att'y Gen. No. 2005-291. Your proposed popular name and ballot title are as follows:
Popular Name
THE ARKANSAS MINIMUM WAGE AMENDMENT
Ballot Title
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION SETTING THE STATE MINIMUM WAGE AT $6.15 AN HOUR, AN INCREASE FROM THE CURRENT MINIMUM WAGE OF $5.15 PER HOUR, BEGINNING JANUARY 1, 2007; SETTING THE MINIMUM WAGE EACH YEAR AFTER TO KEEP PACE WITH INCREASES OR DECREASES IN THE COST OF LIVING AS MEASURED BY THE CONSUMER PRICE INDEX; EVERY EMPLOYER OF AN EMPLOYEE ENGAGED IN ANY OCCUPATION IN WHICH GRATUITIES HAVE BEEN CUSTOMARILY AND USUALLY CONSTITUTED AND HAVE BEEN RECOGNIZED AS A PART OF REMUNERATION FOR HIRING PURPOSES SHALL BE ENTITLED TO AN ALLOWANCE FOR GRATUITIES AS A PART OF THE HOURLY WAGE RATE PROVIDED IN THIS AMENDMENT IN AN AMOUNT NOT TO EXCEED FIFTY PERCENT (50%) OF THE MINIMUM WAGE ESTABLISHED BY THIS AMENDMENT, PROVIDED THAT THE EMPLOYEE ACTUALLY RECEIVED THAT AMOUNT IN GRATUITIES AND THAT THE APPLICATION OF THE FOREGOING GRATUITY ALLOWANCES RESULTS IN PAYMENT OF WAGES OTHER THAN GRATUITIES TO TIPPED EMPLOYEES OF NO LESS THAN FIFTY PERCENT (50%) OF THE MINIMUM WAGE PRESCRIBED BY THIS AMENDMENT; DEFINING "EMPLOYER" AS INCLUDING ANY INDIVIDUAL, PARTNERSHIP, ASSOCIATION, CORPORATION, BUSINESS TRUST, OR ENTITY, ANY PERSON OR GROUP OF PERSONS ACTING DIRECTLY OR INDIRECTLY IN THE INTEREST OF AN EMPLOYER IN RELATION TO AN EMPLOYEE, AND THE STATE AND ANY POLITICAL SUBDIVISIONS, INCLUDING BUT NOT LIMITED TO ANY PERSON, FIRM, CORPORATION, OR OTHER ENTITY SUBJECT TO THE MINIMUM WAGE PROVISIONS OF THE FEDERAL FAIR LABOR STANDARDS ACT OF 1938; BUT EXCLUDING ANY EMPLOYER FOR ANY WORKWEEK IN WHICH FEWER THAN FOUR (4) EMPLOYEES ARE EMPLOYED; ADOPTING THE DEFINITION OF "EMPLOYEE" UNDER SECTION 11-4-203(3) OF THE ARKANSAS CODE AS OF NOVEMBER 1, 2005 (WHICH EXCLUDES FROM COVERAGE ANY INDIVIDUAL EMPLOYED IN A BONA FIDE EXECUTIVE, ADMINISTRATIVE, OR PROFESSIONAL CAPACITY OR AS AN OUTSIDE COMMISSION-PAID SALESPERSON WHO CUSTOMARILY PERFORMS HIS OR HER SERVICES AWAY FROM HIS OR HER EMPLOYER'S PREMISES TAKING ORDERS FOR GOODS OR SERVICES, STUDENTS PERFORMING SERVICES FOR ANY SCHOOL, COLLEGE, OR UNIVERSITY IN WHICH THEY ARE ENROLLED AND ARE REGULARLY ATTENDING CLASSES, EMPLOYEES OF THE UNITED STATES, ANY INDIVIDUAL ENGAGED IN THE ACTIVITIES OF ANY EDUCATIONAL, CHARITABLE, RELIGIOUS, OR NONPROFIT ORGANIZATION WHERE THE EMPLOYER-EMPLOYEE RELATIONSHIP DOES NOT IN FACT EXIST OR WHERE THE SERVICES ARE RENDERED TO THE ORGANIZATION GRATUITOUSLY, BONA FIDE INDEPENDENT CONTRACTORS, CERTAIN SMALL FARM EMPLOYEES, AND CERTAIN NONPROFIT CHILD WELFARE HOUSEPARENTS), BUT MODIFYING THIS DEFINITION OF EMPLOYEE FOR THIS AMENDMENT SO THAT IT NO LONGER EXCLUDES ALL INDIVIDUALS EMPLOYED BY THE STATE OR A POLITICAL SUBDIVISIONS [SIC] THEREOF; DEFINING "EMPLOY" AS INCLUDING TO SUFFER OR TO PERMIT TO WORK; REQUIRING THE DIRECTOR OF THE ARKANSAS DEPARTMENT OF LABOR TO INTERPRET, IMPLEMENT AND ENFORCE THIS AMENDMENT, INCLUDING BY ISSUING REGULATIONS, MAKING ADMINISTRATIVE FINDINGS, AND INSTITUTING LEGAL ACTIONS AGAINST EMPLOYERS INCLUDING THE STATE OF ARKANSAS OR A POLITICAL SUBDIVISION; REQUIRING THE DIRECTOR TO ESTABLISH NECESSARY OR APPROPRIATE WORKPLACE POSTING AND RECORDKEEPING REQUIREMENTS AND CIVIL PENALTIES PAYABLE TO THE STATE FOR VIOLATIONS OF THE REQUIREMENTS AND STANDARDS PRESCRIBED BY THIS AMENDMENT; PERMITTING ANY PERSON OR ORGANIZATION TO FILE A CLAIM WITH THE DIRECTOR CHARGING THAT AN EMPLOYER, INCLUDING THE STATE OF ARKANSAS OR A POLITICAL SUBDIVISION, HAS VIOLATED THIS AMENDMENT; REQUIRING THE DIRECTOR TO PROMPTLY INVESTIGATE EACH CLAIM; REQUIRING THE NAME OF ANY EMPLOYEE IDENTIFIED IN A CLAIM TO BE KEPT CONFIDENTIAL UNTIL THE DIRECTOR ISSUES AN ADMINISTRATIVE COMPLAINT; PROHIBITING RETALIATION AGAINST ANY PERSON FOR ASSERTING ANY CLAIM OR RIGHT UNDER THIS AMENDMENT, FOR ASSISTING ANY OTHER PERSON IN DOING SO, OR FOR INFORMING ANY PERSON ABOUT THEIR RIGHTS; PROVIDING THAT AN EMPLOYEE MAY ALSO BRING AN ACTION FOR EQUITABLE AND MONETARY RELIEF AGAINST AN EMPLOYER, INCLUDING THE STATE OF ARKANSAS OR A POLITICAL SUBDIVISION IN ANY COURT OF COMPETENT JURISDICTION FOR ANY VIOLATION OF THIS AMENDMENT OR ANY LAW OR REGULATION IMPLEMENTING IT; PROVIDING THAT SUCH AN ACTION MUST BE BROUGHT WITHIN THREE YEARS OF THE VIOLATION OR OF WHEN THE VIOLATION CEASED IF IT WAS OF A CONTINUING NATURE, OR WITHIN ONE YEAR AFTER FINAL DISPOSITION BY THE DIRECTOR OF A COMPLAINT FOR THE SAME VIOLATION, WHICHEVER IS LATER; PROVIDING THAT THERE SHALL BE NO EXHAUSTION REQUIREMENT, AND NO PROCEDURAL, PLEADING, OR BURDEN OF PROOF REQUIREMENTS BEYOND THOSE THAT APPLY GENERALLY TO CIVIL SUITS IN ORDER TO MAINTAIN SUCH AN ACTION; PROVIDING THAT WHERE AN EMPLOYER IS FOUND BY THE DIRECTOR OR A COURT TO HAVE VIOLATED ANY PROVISION OF THIS AMENDMENT, THE EMPLOYER SHALL PAY ANY APPLICABLE CIVIL PENALTIES AND PAY THE EMPLOYEE BACK WAGES, AN ADDITIONAL EQUAL AMOUNT AS LIQUIDATED DAMAGES, AND THE EMPLOYEE'S COSTS AND REASONABLE ATTORNEY'S FEES; PROVIDING THAT IN THE CASE OF RETALIATION, THE DIRECTOR OR A COURT SHALL SET DAMAGES AT AN AMOUNT SUFFICIENT TO COMPENSATE THE EMPLOYEE AND DETER FUTURE VIOLATIONS, BUT NOT LESS THAN ONE HUNDRED FIFTY DOLLARS FOR EACH DAY THAT THE VIOLATION CONTINUED; PROVIDING THAT THIS AMENDMENT SHALL BE LIBERALLY CONSTRUED IN FAVOR OF ITS PURPOSES AND SHALL NOT LIMIT ANY LAW OR POLICY THAT REQUIRES PAYMENT OF HIGHER OR SUPPLEMENTAL WAGES OR BENEFITS; PERMITTING THE GENERAL ASSEMBLY TO PASS LAWS TO IMPLEMENT THE AMENDMENT, EXTEND ITS COVERAGE, BUT PREVENTING THE GENERAL ASSEMBLY FROM IN ANY MANNER RESTRICTING ANY OF ITS PROVISIONS; AND PROVIDING THAT THE PROVISIONS OF THIS AMENDMENT ARE SEVERABLE
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463,466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke.Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying the above precepts, it is my conclusion that your proposed popular name "The Arkansas Minimum Wage Amendment," which appears above your submitted text, is sufficient. It is hereby certified as submitted. In my judgment, however, minor changes in your ballot title are necessary to correct one typographical error and to give the electors a clear understanding of your measure. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
Ballot Title
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH A STATE MINIMUM WAGE EFFECTIVE JANUARY 1, 2007 AT $6.15 AN HOUR (AN INCREASE ABOVE THE CURRENT FEDERAL MINIMUM WAGE OF $5.15 PER HOUR AS OF JANUARY 2006); SETTING THE STATE MINIMUM WAGE EACH YEAR AFTER TO KEEP PACE WITH INCREASES OR DECREASES IN THE COST OF LIVING AS MEASURED BY THE CONSUMER PRICE INDEX; ENTITLING EVERY EMPLOYER OF AN EMPLOYEE ENGAGED IN ANY OCCUPATION IN WHICH GRATUITIES HAVE BEEN CUSTOMARILY AND USUALLY CONSTITUTED AND HAVE BEEN RECOGNIZED AS A PART OF REMUNERATION FOR HIRING PURPOSES TO AN ALLOWANCE FOR GRATUITIES AS A PART OF THE HOURLY WAGE RATE PROVIDED IN THIS AMENDMENT IN AN AMOUNT NOT TO EXCEED FIFTY PERCENT (50%) OF THE MINIMUM WAGE ESTABLISHED BY THIS AMENDMENT, PROVIDED THAT THE EMPLOYEE ACTUALLY RECEIVED THAT AMOUNT IN GRATUITIES AND THAT THE APPLICATION OF THE FOREGOING GRATUITY ALLOWANCES RESULTS IN PAYMENT OF WAGES OTHER THAN GRATUITIES TO TIPPED EMPLOYEES OF NO LESS THAN FIFTY PERCENT (50%) OF THE MINIMUM WAGE PRESCRIBED BY THIS AMENDMENT; DEFINING "EMPLOYER" AS INCLUDING ANY INDIVIDUAL, PARTNERSHIP, ASSOCIATION, CORPORATION, BUSINESS TRUST, OR ENTITY, ANY PERSON OR GROUP OF PERSONS ACTING DIRECTLY OR INDIRECTLY IN THE INTEREST OF AN EMPLOYER IN RELATION TO AN EMPLOYEE, AND THE STATE AND ANY POLITICAL SUBDIVISIONS, INCLUDING BUT NOT LIMITED TO ANY PERSON, FIRM, CORPORATION, OR OTHER ENTITY SUBJECT TO THE MINIMUM WAGE PROVISIONS OF THE FEDERAL FAIR LABOR STANDARDS ACT OF 1938; BUT EXCLUDING ANY EMPLOYER FOR ANY WORKWEEK IN WHICH FEWER THAN FOUR (4) EMPLOYEES ARE EMPLOYED; ADOPTING THE DEFINITION OF "EMPLOYEE" UNDER SECTION 11-4-203(3) OF THE ARKANSAS CODE AS OF NOVEMBER 1, 2005 (WHICH EXCLUDES FROM COVERAGE ANY INDIVIDUAL EMPLOYED IN A BONA FIDE EXECUTIVE, ADMINISTRATIVE, OR PROFESSIONAL CAPACITY OR AS AN OUTSIDE COMMISSION-PAID SALESPERSON WHO CUSTOMARILY PERFORMS HIS OR HER SERVICES AWAY FROM HIS OR HER EMPLOYER'S PREMISES TAKING ORDERS FOR GOODS OR SERVICES, STUDENTS PERFORMING SERVICES FOR ANY SCHOOL, COLLEGE, OR UNIVERSITY IN WHICH THEY ARE ENROLLED AND ARE REGULARLY ATTENDING CLASSES, EMPLOYEES OF THE UNITED STATES, ANY INDIVIDUAL ENGAGED IN THE ACTIVITIES OF ANY EDUCATIONAL, CHARITABLE, RELIGIOUS, OR NONPROFIT ORGANIZATION WHERE THE EMPLOYER-EMPLOYEE RELATIONSHIP DOES NOT IN FACT EXIST OR WHERE THE SERVICES ARE RENDERED TO THE ORGANIZATION GRATUITOUSLY, BONA FIDE INDEPENDENT CONTRACTORS, CERTAIN SMALL FARM EMPLOYEES, AND CERTAIN NONPROFIT CHILD WELFARE HOUSEPARENTS), BUT MODIFYING THIS DEFINTION OF EMPLOYEE FOR THIS AMENDMENT SO THAT IT NO LONGER EXCLUDES INDIVIDUALS EMPLOYED BY THE STATE OR ANY POLITICAL SUBDIVISIONS THEREOF; DEFINING "EMPLOY" AS INCLUDING TO SUFFER OR TO PERMIT TO WORK; REQUIRING THE DIRECTOR OF THE ARKANSAS DEPARTMENT OF LABOR TO INTERPRET, IMPLEMENT AND ENFORCE THIS AMENDMENT, INCLUDING BY ISSUING REGULATIONS, MAKING ADMINISTRATIVE FINDINGS, AND INSTITUTING LEGAL ACTIONS AGAINST EMPLOYERS INCLUDING THE STATE OF ARKANSAS OR A POLITICAL SUBDIVISION; REQUIRING THE DIRECTOR TO ESTABLISH NECESSARY OR APPROPRIATE WORKPLACE POSTING AND RECORDKEEPING REQUIREMENTS AND CIVIL PENALTIES PAYABLE TO THE STATE FOR VIOLATIONS OF THE REQUIREMENTS AND STANDARDS PRESCRIBED BY THIS AMENDMENT; PERMITTING ANY PERSON OR ORGANIZATION TO FILE A CLAIM WITH THE DIRECTOR CHARGING THAT AN EMPLOYER, INCLUDING THE STATE OF ARKANSAS OR A POLITICAL SUBDIVISION, HAS VIOLATED THIS AMENDMENT; REQUIRING THE DIRECTOR TO PROMPTLY INVESTIGATE EACH CLAIM; REQUIRING THE NAME OF ANY EMPLOYEE IDENTIFIED IN A CLAIM TO BE KEPT CONFIDENTIAL UNTIL THE DIRECTOR ISSUES AN ADMINISTRATIVE COMPLAINT; PROHIBITING RETALIATION AGAINST ANY PERSON FOR ASSERTING ANY CLAIM OR RIGHT UNDER THIS AMENDMENT, FOR ASSISTING ANY OTHER PERSON IN DOING SO, OR FOR INFORMING ANY PERSON ABOUT THEIR RIGHTS; PROVIDING THAT AN EMPLOYEE MAY ALSO BRING AN ACTION FOR EQUITABLE AND MONETARY RELIEF AGAINST AN EMPLOYER, INCLUDING THE STATE OF ARKANSAS OR A POLITICAL SUBDIVISION IN ANY COURT OF COMPETENT JURISDICTION FOR ANY VIOLATION OF THIS AMENDMENT OR ANY LAW OR REGULATION IMPLEMENTING IT; PROVIDING THAT SUCH AN ACTION MUST BE BROUGHT WITHIN THREE YEARS OF THE VIOLATION OR OF WHEN THE VIOLATION CEASED IF IT WAS OF A CONTINUING NATURE, OR WITHIN ONE YEAR AFTER FINAL DISPOSITION BY THE DIRECTOR OF A COMPLAINT FOR THE SAME VIOLATION, WHICHEVER IS LATER; PROVIDING THAT THERE SHALL BE NO EXHAUSTION REQUIREMENT, AND NO PROCEDURAL, PLEADING, OR BURDEN OF PROOF REQUIREMENTS BEYOND THOSE THAT APPLY GENERALLY TO CIVIL SUITS IN ORDER TO MAINTAIN SUCH AN ACTION; PROVIDING THAT WHERE AN EMPLOYER IS FOUND BY THE DIRECTOR OR A COURT TO HAVE VIOLATED ANY PROVISION OF THIS AMENDMENT, THE EMPLOYER SHALL PAY ANY APPLICABLE CIVIL PENALTIES AND PAY THE EMPLOYEE BACK WAGES, AN ADDITIONAL EQUAL AMOUNT AS LIQUIDATED DAMAGES, AND THE EMPLOYEE'S COSTS AND REASONABLE ATTORNEY'S FEES; PROVIDING THAT IN THE CASE OF RETALIATION, THE DIRECTOR OR A COURT SHALL SET DAMAGES AT AN AMOUNT SUFFICIENT TO COMPENSATE THE EMPLOYEE AND DETER FUTURE VIOLATIONS, BUT NOT LESS THAN ONE HUNDRED FIFTY DOLLARS FOR EACH DAY THAT THE VIOLATION CONTINUED; PROVIDING THAT THIS AMENDMENT SHALL BE LIBERALLY CONSTRUED IN FAVOR OF ITS PURPOSES AND SHALL NOT LIMIT ANY LAW OR POLICY THAT REQUIRES PAYMENT OF HIGHER OR SUPPLEMENTAL WAGES OR BENEFITS; PERMITTING THE GENERAL ASSEMBLY TO PASS LAWS TO IMPLEMENT THE AMENDMENT, EXTEND ITS COVERAGE, BUT PREVENTING THE GENERAL ASSEMBLY FROM IN ANY MANNER RESTRICTING ANY OF ITS PROVISIONS; AND PROVIDING THAT THE PROVISIONS OF THIS AMENDMENT ARE SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh